[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
James T. Cowdery, Esq., Defense Counsel for Petitioner
John A. Connelly, Esq., State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION: The petitioner, thirty years of age at the time of CT Page 2298 sentencing, was convicted after a trial by jury of the crime of Murder, in violation of 53a-54a of the Connecticut General Statutes. He received the maximum sentence for the crime of life imprisonment, which is defined by Connecticut General Statutes Sec. 53a-35b as a definite sentence of sixty years.
The victim of this murder was a twenty-four year old woman who had left her home at approximately 10:30 PM on August 3, 1984 to walk to her place of employment, a kennel in Ansonia. From the evidence the petitioner, who had been at an area bar, encountered the victim as she was walking to work. She was beaten about the head and face, and repeatedly stabbed in the back, chest and neck. After she was killed, her body was thrown into Lake Zoar where it was recovered on August 7, 1984. The clothing which she had been carrying in a gym bag was burned by the petitioner in a fire in a secluded area along a nearby river.
The petitioner argues that media and public pressure for revenge must have impacted on the sentencing proceedings and that bending under that pressure the Court imposed a sentence that was disproportionate and inappropriate.
Additionally, he claims that members of the Courtroom audience, during defense counsel's final argument, made gestures and facial expressions which were concededly inappropriate and offensive. He claims such behavior created a lynch mob atmosphere and tainted the later sentencing proceedings.
The transcript contains no comments made by the sentencing Court which could reasonably be interpreted as an indication that it was somehow improperly influenced by any outside pressures. In fact, defense counsel, in remarks to the Court after sentence had been imposed stated that the sentence was precisely what everybody said all along would be imposed CT Page 2299 upon conviction, and not just because the sentencing Court generally imposed the maximum sentence in a murder conviction, but "because in this particular case it was certainly what one would have expected would have been imposed."
With respect to the courtroom misconduct, it is noteworthy that the Court showed its objectivity by chastising the offenders, by cautioning the jury to disregard any improper behavior, and by giving defense counsel an opportunity to address the jury a second time following the state's summation.
The fact is that this was a brutal and vicious murder as characterized by the Court. An innocent young life was horribly taken and the victim's last moments must have been unspeakably terrifying to her.
The Division has reviewed the sentence imposed applying the standards of review set forth in Sec. 942 of the Practice Book. It finds the sentence was neither inappropriate nor disproportionate and, accordingly, affirms it.
LAWRENCE C. KLACZAK, JUDGE
JOSEPH J. PURTILL, JUDGE
RICHARD J. STANLEY, JUDGE
Purtill, Klaczak and Stanley, J.'s, participated in this decision.